**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4955**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

STEPHON MONTRELL HOOKER,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:08-cr-00361-FL-1)

Submitted:  September 15, 2011      Decided:  September 30, 2011

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Lauren H. Brennan, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon Montrell Hooker was convicted following his conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court sentenced Hooker to eighty-seven months' imprisonment. Hooker reserved the right to appeal the district court's determination that his prior North Carolina state convictions for embezzlement and obtaining property by false pretenses qualified as felonies for the purpose of adjudging him guilty under § 922(g)(1). On appeal, Hooker argues that neither of these two convictions was punishable by imprisonment for a term exceeding one year and, thus, the convictions were not predicate convictions pursuant to 18 U.S.C. § 922(g)(1). Hooker also moves to vacate his conviction and remand the case to the district court. In light of United States v. Simmons, ___ F.3d ___, No. 08-4475, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we reverse and remand.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Neither of Hooker's prior North Carolina state convictions was punishable by imprisonment for a term exceeding one year. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting out minimum and maximum sentences applicable under North Carolina's structured

2

sentencing scheme). When Hooker raised this argument in the district court, it was foreclosed by our decision in <u>United States v. Harp</u>, 406 F.3d 242, 246 (4th Cir. 2005). Subsequently, however, we overruled <u>Harp</u> with our en banc decision in <u>Simmons</u>, in which we sustained a similar argument in favor of the defendant. In view of our holding in <u>Simmons</u>, we reverse Hooker's conviction, deny as moot his motion to vacate, and remand the case to the district court for further proceedings. The clerk is directed to issue the mandate forthwith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>REVERSED AND REMANDED</u>